**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE: WRIGHT MEDICAL TECHNOLOGY, INC., CONSERVE HIP IMPLANT PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET NO. 2329** |
| **This Document Relates to:** | |
| **ROBYN CHRISTIANSEN, 1:13-cv-00297-WSD** | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTIONS IN LIMINE**

In support of her Motions *in Limine*, Plaintiff Robyn Christiansen shows the Court as follows:

### A.    Introduction

Prior to filing these motions, counsel engaged in extensive negotiations in an attempt to limit the number and scope of *in limine* motions to be presented to the Court.  This procedure and, indeed, Plaintiff's proposed *in limine* agreements themselves, were based on *Herlihy-Paoli v. DePuy Ortho., Inc.,* No. 3:12-cv-04975-K, in MDL-2244 (*In re: DePuy Ortho. Pinnacle Hip Implant Prod. Liab. Lit.*).  (*See* Doc. 105, N.D. Tex. Case No.: 3:12-cv-04975-K (detailing parties'

1

agreements and rulings on disputed issues)). In that federal trial court proceeding, the parties reached agreement as to most evidentiary issues, including many raised herein.[1]

Here, the parties have reached agreement on a number of categories of evidence, and their agreements will be provided to the Court.  From the Plaintiff's perspective, four general categories of evidence – which appeared, from the agreements reached in *Paoli*, to be non-controversial – that should be excluded remain in dispute.  These are:  (1) references to the potential extrinsic effects of an award of damages; (2) attempts to bolster the purportedly "good corporate character" of Wright Medical;  (3) preemptive attempts to bolster the unchallenged character of any witness or Wright Medical employee, agent, distributor, or manager; and (4) Plaintiff's prior legal claims.

As explained in detail below, none of this information is relevant to any claim or defense, and any theoretical relevance is substantially outweighed by the dangers of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, and/or wasting time, Fed. Rs. Evid. 401, 402 and 403 require their exclusion.  Moreover, the bolstering of the general character of a

---

[1] Plaintiff will make a copy of the *in Limine* Order detailing the parties agreements and the court's rulings from *Paoli* if requested.

party is prohibited by Fed. R. Civ. P. 404, and the bolstering of the unchallenged

character of a witness is prohibited by Fed. Rs. Evid. 404, 607 and 608.

### B.    Plaintiff's Motions *in Limine*

### 1.    Any evidence, argument, inference, or testimony referencing the potential extrinsic effects of an award of damages not germane to the claims and defenses should be excluded.

Evidence is relevant if it has "any tendency to make a fact more or less

probable that it would be without the evidence" and "the fact is of consequence in

determining the action." Fed. R. Evid. 401.  Only relevant evidence is admissible

at trial. Fed. R. Evid. 402.  However, a court has discretion to exclude even

relevant evidence if its probative value is substantially outweighed by a danger of

one or more of the following: unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.   In the context of Rule 403, "unfair prejudice' is "an undue

tendency to suggest decision on an improper basis, commonly, though not

necessarily, an emotional one." *Id.*, Advisory Committee's Note.  The major

function of Fed. R. Evid. 403 is to exclude matter of "scant or cumulative

probative force, dragged in by the heels for the sake of its prejudicial effect."

*Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063 (11th Cir. 2014) (internal

citations omitted).

Here, Plaintiff seeks an Order *in limine* to exclude any evidence, argument, inference or testimony which suggests that (1) an award of damages could or would adversely affect the ability of any member of the jury to purchase, or to have available, medical devices or medications in the future, or affect the cost of such devices or medications, and (2) an award of damages could or would have an adverse effect on the finances or ability of Defendants to compete in the marketplace or negatively affect the economy or lead to layoffs by Defendants the grounds that such evidence is irrelevant and the probative value of the evidence and/or testimony is greatly outweighed by the danger of unfair prejudice, confusion of issues, and/or will cause undue delay and waste of time.

Evidence or argument suggesting that the outcome of these cases will or could have any effect on the future ability of the jurors to purchase or have available medical devices or medical insurance is akin to "golden rule" arguments – appealing the jurors' emotions by asking them to put themselves in the place of a victim – which are universally prohibited. *See, e.g. United States v. Hope*, 608 F. App'x 831, 841 (11th Cir. 2015). Pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403, evidence, argument, inference, or testimony concerning these topics should be excluded because such evidence is irrelevant, unfairly prejudicial, and calculated to improperly sway juror sympathy.

4

Any inference or argument that a verdict against Wright Medical might put Wright Medical out of business, result in the closure of Wright Medical facilities or layoffs of Wright Medical employees, or cause an increase in the cost of Wright Medical (or other companies') medical devices is not only wholly irrelevant to any claim or defense, it is a factual impossibility. The reality is that, on October 1, 2015, Wright Medical merged with Tornier to form Wright Medical Group NV, Wright Medical sold their hip and knee devices to a Chinese company on January 1, 2014, and Wright Medical stopped selling the Conserve devices in 2012. Moreover, this argument crosses into numbers and values of claims and financial information generally and to Wright Medical's liability insurance coverage – a topic that Plaintiff has agreed should not be presented to the jury, but that could become relevant and admissible if Wright Medical were to present testimony or argument about the financial effects from a jury verdict.

As noted above, Rule 404 is designed to insure that the ultimate decision of the factfinder is based on the merits of the case and not on the personalities involved. United States v. Reed, 700 F.2d 638, 645 (11th Cir. 1983). As the Advisory Committee Notes (1972) to Rule 404(a) explain:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened . . . . It subtly permits the trier of fact to reward the good man and to punish the bad man because of their

5

> respective characters despite what the evidence in the case shows actually happened.

Fed. R. Evid. 404(a) Advisory Committee Notes (1972), quoting with approval the California Law Revision Commission's rationale for rejecting expansive use of character evidence. Because of its marginal probative value, which is substantially outweighed by the danger of undue prejudice, see Fed. R. Evid. 403, character evidence s to bolster a witness' reputation for truthfulness or honesty is not admissible absent a prior credibility attack.

Such arguments regarding a party's financial condition, when not relevant to the resolution of the case, are improper and can be grounds for reversal. *See, e.g., Adams v. Camp Harmony Ass'n, Inc*., 190 Ga. App. 506 (1989). These types of remarks must be excluded for the same reason that Plaintiff cannot plead for a verdict based upon her relative financial position or financial needs. Such commentary and evidence is improper under Fed. Rs. Evid. 401, 403 and 802. Such evidence serves no purpose in this litigation as it addresses no claims or defenses and is, instead, designed to appeal to a jury's pecuniary interest or to influence the panel with a call for sympathy or emotion. Further, as there is great risk that such evidence would confuse and mislead the jury from the true issues in this matter, the highly prejudicial effect of such evidence, argument, inference, or

testimony outweighs what minimal probative value such evidence could – even theoretically – hold.

WHEREFORE, Plaintiff requests an Order *in limine* that the Defendants are precluded from presenting testimony, argument or evidence  as to the potential extrinsic effects of an award of damages not germane to the claims and defenses, including, without limitation: a. contenting or implying that an award of damages could or would adversely affect the ability of any member of the jury to purchase, or to have available, medical devices or medications in the future, or affect the cost of such devices or medications, and b.  that  an award of damages could or would have an adverse effect on the finances or ability of Defendants to compete in the marketplace or negatively affect the economy or lead to layoffs by Defendants.

**2.    Any comment or reference to Wright Medical's corporate philanthropy or good deeds by Wright Medical or their employees is an improper attempt to bolster the alleged character of the Wright Medical Defendants as "good corporate citizens."**

Wright Medical may attempt to offer evidence that Wright Medical Technology and/or Wright Medical Group is a "good" company or a "good corporate citizen."  Such evidence is an improper attempt to vouch for or bolster Wright Medical's character and is irrelevant and inadmissible under Fed. R. Evid. 404(a) ("Evidence of a person's character or a trait of character is not admissible

for the purpose of proving action in conformity therewith on a particular occasion.").

If a hypothetical individual defendant attempted to present character witnesses to say he was a "nice" fellow, the Court would readily exclude such evidence because it has no bearing on whether the individual hypothetical defendant acted negligently, fraudulently, or designed a defective medical device. The situation is no different with respect to Wright Medical simply because the defendants are corporate entities.

 Plaintiff's motion is justified, based on her counsel's observation of a mini-trial in a case involving Conserve hip implants, *Woods v. Wright Medical*, Case No.: 50-2012-CA-013266-XXXX-MB, Palm Beach County, Florida, last month. Wright Medical was represented by the same counsel defending it in the MDL and the JCCP.  The opening remarks by Wright Medical's counsel during the mini-trial sought to vouch for Wright Medical, including the fact that he was proud to have represented the Wright Medical companies for some 25 years, and that they were "good people."

Unfortunately, argument as to Wright Medical's allegedly good corporate character cannot go unanswered, given the plethora of evidence, including the Deferred Prosecution Agreement (or DPA) arising from an investigation by the

8

United States Office of the Inspector General into Wright Medical's violations of the Anti-Kickback Statute and subsequent fines, monitoring and changes to corporate practices, relating to payments to surgeons for using the Conserve devices; and Wright Medical's firings related thereto that resulted in lawsuits by its CEO, CTO, General Counsel, Senior Vice President and Vice President of Clinical and Regulatory Affairs; and the United States Department of Justice's (DOJ) issuance of a subpoena investigating Wright Medical's Profemur stem (which component is part of Ms. Christiansen's Conserve hip device) for potential Medicare fraud.  Plaintiff has agreed that such evidence is highly prejudicial, and that such evidence will not be proffered in her case in chief.  However, this information is also highly probative as to whether Wright Medical has a "good corporate character."  Accordingly, if Wright Medical were to open the door as to its allegedly "good" corporate character, Plaintiff would be forced to rebut any such contention.  In other words, Plaintiff's *in limine* agreement to not present the DPA and DOJ-subpoena evidence does not require her to forego utilization of such evidence if it becomes necessary to refute improper character evidence bolstering the purportedly good character of Wright Medical.

In the present action, Plaintiff has the burden to prove that the Wright Medical Conserve hip device was defective, that Wright Medical acted negligently,

or that Wright Medical acted fraudulently, as well as the amount of damages. Wright Medical's general corporate character, or any alleged reputation as a good corporate citizen, has nothing to do with and is not a defense to the issues to be decided. Accordingly, evidence or testimony that goes to either Wright Medical Defendant's alleged "good corporate character" should be excluded. *See, e.g., Miller ex rel. Miller v. Ford Motor Co.,* 2:01CV545FTM-29DNF, 2004 WL 4054843, at *4 (M.D. Fla. July 22, 2004) ("Whether Ford is a good or bad company, the only issues in this case are its liability for this one accident, and if liable, the extent of the damages.").

Further, any alleged probative value of such testimony, evidence or argument is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time. It is therefore inadmissible under Fed. R. Evid. 403 as well.

WHEREFORE, Plaintiff requests an Order in limine that the Defendants are precluded from presenting testimony, argument or evidence as to Wright Medical's alleged corporate philanthropy, good deeds or bolstering the alleged character of the Wright Medical Defendants as "good corporate citizens."

**3.    Any comment or inference to bolster the unchallenged character (*e.g.,* honesty) or traits (*e.g.,* generosity) of any witness or of any current or former employee, agent, distributor, or manager of Wright Medical preemptively is inadmissible.**

Per Fed. R. Evid. 404(a):  "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."   This rule establishes a broad prohibition on the introduction of character evidence, subject to an exception permitting the use of character evidence against witnesses under certain circumstances enumerated in Fed. Rs. Evid. 607-609.  *See United States v. Stephens*, 365 F.3d 967, 975 (11th Cir. 2004).   For example, if Witness A attempted to testify that Witness B – who had not yet testified – had a reputation for truthfulness, such testimony would be improper, as it has no bearing on any issue to be decided in the case.  Fed. R. Evid. 404(a) would require exclusion, and no exception from Rules 607 through 609 would apply because there could, by definition, have been no attempt to impeach Witness B's credibility prior to his testimony.

Rules 607 and 608 provide a possible exception to the general inadmissibility of character evidence for witnesses whose character for truthfulness has been attacked.  Under Federal Rule of Evidence 608(a), "[a] witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony

11

in the form of an opinion about that character.  **But evidence of truthful character is admissible *only after* the witness's character for truthfulness has been attacked**.”  *Horrillo v. Cook Inc*., No. 08-60931-CIV, 2014 WL 8186705, at *5 (S.D.  Fla. June 6, 2014) (emphasis added).  In other words, character evidence cannot be admitted as to a witness' credibility until a party specifically challenges or seeks to impeach that witness based on the witness' character for untruthfulness.

All that Plaintiff seeks via her motion *in limine* number 2 is to preclude the bolstering of the **unchallenged** character of any witness or non-testifying current or former manager, distributor, employee or agent of Wright Medical.  Rule 404 (and its common law predecessor) is designed to insure that the ultimate decision of the factfinder is based on the merits of the case and not on the personalities involved.  *United States v. Reed*, 700 F.2d 638, 645 (11th Cir. 1983).  As the Advisory Committee Notes (1972) to Rule 404(a) explain:

> Character evidence is of slight probative value and may be very prejudicial.  It tends to distract the trier of fact from the main question of what actually happened . . . .  It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Fed. R. Evid. 404(a) Advisory Committee Notes (1972), quoting with approval the California Law Revision Commission's rationale for rejecting expansive use of character evidence.  Because of its marginal probative value, which is substantially

outweighed by the dangers of undue prejudice, confusing the issues and misleading the jury, *see* Fed. R. Evid. 403, character evidence to bolster a witness' reputation for truthfulness or honesty is not admissible absent a prior credibility attack.

WHEREFORE, Plaintiff requests an Order *in limine* that the Defendants are precluded from any comment or inference to bolster the unchallenged character (e.g., honesty) or traits (e.g., generosity) of any witness or of any current or former employee, agent, distributor, or manager of Wright Medical preemptively.

### 4. Any reference to or mention of Plaintiff's prior legal claims are irrelevant and designed only to unduly prejudice the jury against her.

Defendants questioned Ms. Christiansen at her deposition about prior lawsuits or claims, and she testified that she had brought two prior worker's compensation claims relating to injuries she sustained on the job; and a claim against Merck arising from a reaction she had to a vaccine. She was questioned about those claims, the injuries she sustained, the treatment she received, and the impact of those injuries on her activities. Plaintiff's prior claims are irrelevant and have no probative value as to any issue to be decided in this case. Plaintiff anticipates, however, that Defendants will seek to elicit evidence of Mrs. Christiansen's prior claims in order to paint Mrs. Christiansen as "litigious." That would be improper, would unfairly prejudice the jury against her based on irrelevant evidence, would be misleading, and would be confusing to the jury. The

13

Court should accordingly preclude Defendants from mentioning or referring to Plaintiff's prior claims against Merck and her two prior worker's compensation claims.

Evidence is relevant if it has "any tendency to make a fact more or less probable that it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401. Only relevant evidence is admissible at trial. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.")  Even potentially relevant evidence may be excluded from trial "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "'Unfair prejudice' sufficient to warrant exclusion of relevant evidence must at a minimum have an 'undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'"  *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1502 (11th Cir. 1985), citing Fed. R. Evid. 403 advisory committee note; *Gross v. Black & Decker (U.S.), Inc.*, 695 F.2d 858, 863 (5th Cir. 1983).  Rule 403's major function is to exclude matter of "scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."

*Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063 (11th Cir. 2014) (internal citations omitted).

What Plaintiff seeks to exclude is evidence of, or any mention or reference to, Ms. Christiansen's unrelated claims, suits, or actions, and specifically her claim against Merck and her two workers' compensation claims. Plaintiff's prior claim against Merck for a vaccine reaction and her prior worker's compensation claims are irrelevant to whether Defendants here are liable for designing, manufacturing, and selling a defective hip replacement product. The fact that Plaintiff brought prior worker's compensation claims or a claim against Merck for a vaccine reaction has no probative value as to whether the Defendants' defective hip product caused damages to Plaintiff. Note that Plaintiff does not seek to exclude evidence of Mrs. Christiansen's prior health status or her injuries; in fact, Plaintiff has offered to stipulate to her various orthopedic issues. Plaintiff seeks only to exclude the irrelevant fact that she brought prior unrelated legal claims.

Even if "litigiousness" was a relevant issue for the jury to consider, certainly there can be no reasonable argument that these claims make Plaintiff here "litigious"; indeed, bringing one claim arising for a bad reaction to a vaccine and bringing two worker's compensation claims for on-the-job injuries (particularly when the worker's compensation system is the legally mandated system for

resolving on-the-job injuries) hardly qualifies as "litigious." "Because the charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged . . . ordinarily proof that the plaintiff filed prior similar lawsuits is admissible to show the plaintiff's litigiousness only if there is also evidence that the prior lawsuits were fraudulently filed .…" *McDonough v. City of Quincy*, 452 F.3d 8, 20 (1st Cir. 2006), citing *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988). *See also Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008) ("[C]ourts generally do not admit evidence of prior suits unless they were fraudulently filed."). Here, not only are the Plaintiff's claims against Merck and her worker's compensation claims unrelated and not similar to the present lawsuit, there is in any event no charge or evidence that Plaintiff's prior claims were fraudulently filed.

Whatever possible probative value there would be in telling the jury that Ms. Christiansen brought an unrelated prior claim against Merck or that she brought two unrelated prior worker's compensation claims, that value is substantially outweighed by the danger of unfair prejudice, issue confusion, misleading the jury, and would be a waste of time. Fed. R. Evid. 403.

It is further inadmissible character evidence under Fed. R. Evid. 404. *See e.g., Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1390 (D. Kan. 1998) (Even if a

plaintiff's litigiousness may have some slight probative value "that value is outweighed by the substantial danger of jury bias against the chronic litigant and is a character trait subject to Rule 404(b) concerns," internal quotation marks omitted, citing *Outley*, 837 F.2d at 592); *S. Cal. Hous. Rights Ctr. v. Los Feliz Towers Homeowners Ass'n*, 2005 U.S. Dist. LEXIS 41112, *2-3, 2005 WL 3954722 (C.D. Cal. Nov. 14, 2005) ("[A]llowing the jury to infer that Ms. Greenberg is a "less credible" litigant due to her involvement in additional "disability rights" lawsuits clearly runs afoul of Rule 404's prohibition on "character evidence." … [E]ven if evidence of Ms. Greenberg's filing of additional "disability rights" lawsuits were relevant for some purpose other than demonstrating that the present suit is somehow less meritorious, the fact that the jury might nonetheless draw such an improper, adverse inference militates in favor of independently excluding it under Fed. R. Evid. 403."). *See also Martinez v. Williams*, 312 S.W.2d 742, 752 (Tex. Civ. App. 1958) (affirming trial court's exclusion of evidence of when plaintiff hired counsel as unfairly prejudicial because "it is not proper to show in evidence that a personal injury litigant is 'claims minded' in an effort to attack his credibility").

Moreover, if the evidence of these prior claims is allowed in, it would invite "detailed inquiries, denials, and explanations, likely to lead to multifariousness and

a confusion of issues."  As such, that area of examination is "better left closed."

*Outley*, 837 F.2d at 594-95.

WHEREFORE, Plaintiff requests an Order *in limine* that the Defendants are precluded from presenting evidence of or mentioning or referring to any prior claims, suits, or actions brought by Plaintiff, specifically Plaintiff's claim against Merck and her two worker's compensation claims.

### C.    Conclusion

For the foregoing reasons, Plaintiff requests that the Court Order, *In Limine*, that Defendants, their counsel, and witnesses are precluded from presenting any evidence, reference or argument at trial relating to the following:

1.    The potential extrinsic effects of an award of damages not germane to the claims and defenses, including, without limitation:

    a.    Contenting or implying that an award of damages could or would adversely affect the ability of any member of the jury to purchase, or to have available, medical devices or medications in the future, or affect the cost of such devices or medications, and

    b.    Contending or implying that  an award of damages could or would have an adverse effect on the finances or ability of Defendants to

compete in the marketplace or negatively affect the economy or lead to layoffs by Defendants;

2. Any comment or reference to Wright Medical's corporate philanthropy or good deeds by Wright Medical or their employees, or any attempt to bolster the alleged character of the Wright Medical Defendants as "good corporate citizens."

3. Bolstering of the unchallenged character (*e.g.,* honesty) or traits (*e.g.,* generosity) of any witness or of any current or former employee, agent, distributor, or manager of Wright Medical preemptively; and

4. Plaintiff's two (2) prior worker's compensation claims and her prior claim against Merck relating to a vaccine.

Respectfully submitted, this 2nd day of October, 2015.

*/s/ Michael L. McGlamry*
Michael L. McGlamry
GA Bar No. 492515
William U. Norwood
GA Bar No. 547100
N. Kirkland Pope
GA Bar No. 584255
POPE McGLAMRY, P.C.
3391 Peachtree Road, NE, Suite 300
P.O. Box 191625 (31119-1625)
Atlanta, GA  30326
(404) 523-7706
Fax (404) 524-1648
E-mail: efile@pmkm.com

19

C. Neal Pope
GA Bar No. 583769
POPE McGLAMRY, P.C.
1111 Bay Avenue, Suite 450
P.O. Box 2128 (31902-2128)
Columbus, GA  31901-2412
(706) 324-0050
Fax (706) 327-1536
E-mail: efile@pmkm.com

Helen E. Zukin
KIESEL LAW, LLP
8648 Wilshire Blvd.
Beverly Hills, CA  90211
(310) 854-4444
Fax (310) 854-0812

*Counsel for Plaintiff*

## <u>CERTIFICATION REGARDING FONT SIZE</u>

Pursuant to N.D. Ga. Local Rules 5.1C and 7.1D, I certify that the foregoing was prepared in Times New Roman, 14 point font.

*/s/ Michael L. McGlamry*
Michael L. McGlamry
Georgia Bar No. 492515

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing PLAINTIFF'S MEMORANDUM OF

LAW IN SUPPORT OF HER MOTIONS *IN LIMINE* has been electronically

served on Wright by electronic mail in accordance with the parties' agreement and

by U.S. First Class mail.

> Dana J. Ash, Esq.
> J. Scott Kramer, Esq.
> DUANE MORRIS LLP
> United Plaza
> 30 South 17th Street
> Philadelphia, PA  19103
>
> Sean K. Burke, Esq.
> DUANE MORRIS LLP
> 505 9th Street, NW, Suite 1000
> Washington, DC  20004-2166
>
> William D. Barwick, Esq.
> DUANE MORRIS LLP
> 1075 Peachtree Street, N.E., Suite 2000
> Atlanta, GA  30309-3929

This, the 2nd  day of October 2015.

> */s/ Michael L. McGlamry*
> Michael L. McGlamry
> Georgia Bar No. 492515